Arbona Lago, Juez Ponente.
TEXTO COMPLETO DE LA RESOLUCION
Se trata de un recurso discrecional ante este foro en el que se interesa, vía certiorari, revisar una disposición interlocutoria dictada en instancia el 21 de junio de 1995, sobre un aspecto del descubrimiento de prueba. Instancia resolvió que la demandada someterá fotografías y medidas de un área en su planta de manufactura, interesadas por el demandante-recurrente.
La presentación de este recurso, conforme dispone la Regla 20(A) de las del Tribunal de Circuito de Apelaciones, paraliza los procedimientos ante instancia referentes a esta parte del descubrimiento de prueba. Debemos por ello dar prioridad a este expediente y lo hacemos en consideración total de *940 los autos ante nos.
La parte demandante-recurrente demanda a su ex-patrono, Dupont Electronic Material, Inc. (Dupont), alegando despido injustificado, violación de derechos civiles además de daños y perjuicios. Como parte del descubrimiento de prueba el demandante-recurrente interesa unas fotos y medidas de un área interior de la planta manufacturera de Dupont, donde alegadamente "ocurrió el incidente que da motivo a la presente demanda, ..."
Dupont no se opone a tal descubrimiento, pero informó al tribunal que debido a que allí "... tiene equipos, tecnología y materiales que constituyen secretos de negocio (trade secrets)..." tiene como norma no permitir la entrada de equipos fotográficos a su instalación, no obstante se compromete ante el tribunal a proveer las medidas físicas y las fotos que del lugar el demandante-recurrente interesa.
El demandante-recurrente, por otro lado, alega que su solicitud en auxilio a la jurisdicción se debe "... al prevaleciente ambiente hostil en el empleo que la co-demandada Dupont Electronic Materials, Inc. mantiene contra el demandante y éste teme por su vida, integridad personal mientras se encuentre dentro de los premises (sic) cumpliendo con aquel deber que la ley le faculta para ello (sic)."
Es norma cardinal de nuestro esquema procesal que el juez de instancia ha de gobernar —en ley, justicia y equidad— el proceso judicial. En esta causa particular instancia estimó procedente ordenar al demandado proporcionar al demandante las medidas exactas y fotos que éste interesa, sobre un área física específica y determinable de la planta manufacturera de la demandada.
A ello objeta el demandante. Su argumento ante nos se circunscribe a señalamientos conclusorios y menciones de algunos parámetros de ley procesal. A tal efecto señala: "Sabido es que la ley y la jurisprudencia en materia de prueba, como parte del debido proceso de ley, concede a las partes un incuestionable e irrestricto derecho al descubrimiento; claro está, sujeto a aquellas limitaciones permitidas dentro del alcance de la Regla 23.3 de Procedimiento Civil vigente", (Pág. 4, párrafo primero, Petición de Certiorari).
Entendemos y resolvemos que ante el cuadro fáctico que en instancia informa esta causa, el demandante-recurrente no demuestra que se haya incurrido en error. Debe ejecutarse la orden de descubrimiento recurrida y si ello no se cumple fielmente y a cabalidad —para el propósito descriptivo que se interesa— el demandante-recurrente tendrá oportunidad de manifestarse ante instancia y el tribunal estará entonces en posición de disponer, e incluso de fijar responsabilidades si alguna procediere.
Por lo expuesto, se deniega la expedición del auto de certiorari solicitado.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General